```
                                    CLERK'S OFFICE U.S. DIST. COURT
                                         AT ROANOKE, VA
                                              FILED
IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA       OCT 24 2005
         ROANOKE DIVISION
                                    JOHN F. CORCORAN, CLERK
                                    BY:
                                         DEPUTY CLERK
```

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Criminal Action No. 7:05cr0004 |
| ) | |
| DON RUBUEN DRAPER, ) | |
|     Defendant. ) | |

## MEMORANDUM OPINION

This matter is before the court following the trial of defendant for copyright infringement. Defendant is charged with a misdemeanor under 17 U.S.C. § 506(a)(1) and 18 U.S.C. § 2319(b)(3). A bench trial was held in this case on October 18, 2005. At trial, the court took the issue of defendant's willfulness under advisement. As set forth in this Memorandum Opinion, the court finds the defendant guilty of violating 17 U.S.C. § 506(a)(1). A hearing will be set for sentencing.

I

At trial, the evidence established that defendant Don Draper was mailed one hundred (100) pirated copies of the copyrighted DVD <u>Passion of the Christ</u> in March, 2004, while the movie was still playing in theaters and before an authorized DVD was released to the public. The package addressed to Draper came to the attention of Postal Inspectors in Roanoke when it broke open and some of the pirated DVDs fell out. After issuance of a search warrant, the package was opened and found to contain one hundred (100) counterfeit copies of the copyrighted movie. When viewed, the DVD showed a red light consistent with a video camera and, at one point, appeared to contain a silhouette of a person standing in front of the screen. The

package containing the illegal DVDs was resealed and taken to Draper's local post office for delivery. While this was transpiring, Draper called the Fieldale post office to inquire about the whereabouts of the package. When Draper picked up the package, he was questioned by federal agents. Draper denied any knowledge of its contents or anything about pirated copyrighted movies. A subsequent consent search of Draper's home turned up no DVDs or even a DVD player. Following investigation, the Postal Inspector learned that Draper had offered to sell and actually sold one pirated copy of Passion of the Christ to a post office employee.

## II

To establish criminal intent, the government must prove that Draper willfully infringed the copyright. 17 U.S.C. § 506(a)(1). Draper stipulated that the movie was copyrighted material, and Draper's one sale plainly established that Draper distributed the copyrighted movie for private financial gain. See 17 U.S.C. § 506(a)(1)(A). However, Draper argued at trial that the government did not prove beyond a reasonable doubt that his infringement was willful as required to establish criminal liability. Although the statute contains no definition of willful infringement, it provides that "evidence of reproduction or distribution of a copyrighted work, by itself, shall not be sufficient to establish willful infringement." 17 U.S.C. § 506(a)(2).

Although the Fourth Circuit has not specifically addressed the issue of "willful infringement," other circuits have found willfulness based on evidence that the defendant was on notice that the goods he possessed were protected by copyright yet still chose to sell or offer to sell reproductions of those goods. In United States v. Cross, 816 F.2d 297 (7th Cir. 1987), the court approved a jury instruction stating that willful infringement means the defendant acted "voluntarily, with knowledge that [his conduct] was prohibited by law, and with the purpose of

2

violating the law, and not by mistake, accident or in good faith." Id. at 300. In Cross, the court found that as defendant was informed that it was illegal to sell or rent unauthorized copies of a video and as he continued to do so after being so informed, defendant willfully infringed federally protected works. Other courts have found willfulness where the defendant merely acknowledged the conduct was improper. See United States v. Manzer, 69 F.3d 222, 227-28 (8th Cir. 1995) (upholding conviction where defendant, in a published interview, admitted that selling or giving away copyrighted computer chips was illegal, and where the software program and plastic module containing software bore notice of copyright); United States v. Hux, 940 F.2d 314, 319 (8th Cir. 1991) (upholding conviction where defendant admitted in FBI interview that he knew modifying copyrighted descrambler chips was infringement), overruled on other grounds, United States v. Davis, 978 F.2d 415 (8th Cir. 1992); United States v. Drebin, 557 F.2d 1316, 1324 (9th Cir. 1977) (affirming conviction where defendant warned customers of FBI investigation and recommended that customers be "really careful"); United States v. Taxe, 540 F.2d 961, 968-69 (9th Cir. 1976) (affirming that prosecutor properly argued to jury that defendant was guilty of willful infringement by soliciting attorney to lie about legality of tapes).

### III

In this case, Draper testified that he was aware that it was illegal to sell unauthorized copies of DVDs. Given this acknowledgment and the facts and circumstances of this case, the evidence plainly establishes willful infringement beyond a reasonable doubt. Before his arrest, Draper told the Postal Inspector that he was aware that others were selling illegal DVDs in the area and that he had seen Barber Shop II and Passion of the Christ for sale on Fayette Street. Postmaster Corbett testified that he witnessed Draper offering to sell a DVD of the Passion of the

3

Christ at the post office, and that in connection with such efforts, Draper said that it was a "good copy" from New York. Corbett testified that he told Draper that the movie was then number one in theater box offices and that he could not sell such contraband on postal service property. Thus, Draper was clearly aware that selling such DVDs was illegal, and his efforts to sell the pirated video were neither mistaken nor inadvertent.

Katherine Baugus, a postal worker, testified that she bought a copy of the Passion of the Christ, in March, 2004 from Draper for $15. Baugus stated that shortly thereafter, the Postal Inspector called Corbett about the package containing one hundred (100) pirated copies of the movie. Baugus became concerned that the video was not legitimate and returned it to Draper, telling him that she did not want it if there was something wrong with it. Draper accepted the DVD back, and although he was not asked for a refund, Draper did not give Baugus her money back. Thereafter, the package with the one hundred (100) pirated DVDs was delivered to Draper. Both this incident and his earlier attempt to sell the DVD to postal employees clearly establishes that Draper was put on notice that his conduct was improper.

Furthermore, Draper's testimony was not credible. Draper stated that he had been given one copy of the Passion of the Christ DVD by a stranger who also showed Draper a number of other items he was peddling, including designer clothes. Draper stated that he gave this stranger his address and was told to expect a package, but Draper claimed that he had no idea what was going to be in the package. Of course, when the package arrived, it contained one hundred (100) unauthorized copies of the movie. Draper testified that he offered to sell the DVD to Baugus that day because this stranger had given him a copy, he had no way to play the movie, and he happened to have it in his possession at the post office. Draper said that he knows nothing of

4

movies, release dates of DVDs, or the copyright laws. While Draper testified that he had only a ninth grade education and had some years ago suffered a head injury due to a gunshot wound, his own admissions to the agents indicate that he was aware that the sale of such movies was illegal, and the evidence made plain the willful nature of his actions.

### IV

For the reasons stated above, the court finds Draper **GUILTY** of misdemeanor copyright infringement. The Clerk of the Court is **DIRECTED** to set this matter for a sentencing hearing following completion of a presentence report by the Probation Officer.

Entered this 24th day of October, 2005.

By: Michael F. Urbanski
United States Magistrate Judge